**United States District Court
for the District Of New Jersey**

| | |
|---|---|
| JAMES ROSARIO<br><br>    Plaintiff,<br> v.<br><br>THE STATE OF NEW JERSEY;<br>DEPARTMENT OF CORRECTIONS OF THE<br>STATE OF NEW JERSEY; COMMISSIONER<br>GARY M. LANIGAN; WARDEN PAUL<br>LAGANA; C.O. SAUNDERS; C.O. DASHER;<br>C.O. HAWKINS; JOHN DOES 1-10<br><br>    Defendants. | Civil No.: 13-4380 (KSH)<br><br><br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

  James Rosario filed suit in 2013, alleging that he was beaten by guards at the Northern State Prison, where he was then serving time on a robbery conviction. The complaint [D.E. 1] named as defendants the guards, Warden Paul Lagana, Commissioner Gary Lanigan, the State of New Jersey, and the New Jersey Department of Corrections, and raises federal constitutional and state-law claims. Two of the defendants, the State of New Jersey and Lagana, have moved to dismiss the complaint, or in the alternative for summary judgment. [D.E. 8.] For the following reasons, the Court will grant the motion in part and deny it in part.

  The allegations of the complaint are straightforward. Rosario claims that in July 2012, an argument about a fallen loaf of bread escalated into a "vicious[] assault" by guards. He says that Correctional Officer Saunders put him in a headlock, repeatedly punched his face, and "slammed [his] face and body"; that Correctional Officer Dasher "grabbed [his] legs from under him"; that

Correctional Officer Hawkins, along with another unnamed guard, "bounce[d]" him off a plexiglass window and a door; and that an unnamed sergeant struck him "with an open hand chop." (Compl. 4.) This mistreatment resulted in "severe and permanent physical and psychological injuries." (Compl. 6.)

The Court has jurisdiction over Rosario's federal claims pursuant to 28 U.S.C. § 1331. As Rosario concedes, neither the State of New Jersey, the Department of Corrections, nor Lagana in his official capacity is amenable to suit for money damages. States are not "persons" under 42 U.S.C. § 1983, and a claim against a state official in his official capacity (or a state agency) is simply another way of suing the state. *See McCauley v. Univ. of V.I.*, 618 F.3d 232, 241 (3d Cir. 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also* N.J. Stat. Ann. § 30:1B-2 (establishing the Department of Corrections as an executive-branch agency); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 539 (D.N.J. 1989) (Brotman, J.). More broadly, those defendants are immune from suit under the Eleventh Amendment. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253–54 (3d Cir. 2010); *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (nonprecedential) (explaining that New Jersey has not waived Eleventh Amendment immunity from state tort claims brought in federal court). Accordingly, claims five, six, and eight of the complaint, which name solely the State or its alter egos as defendants, will be dismissed, and the portions of the other claims that target the State will also be dismissed.

The moving defendants further argue that the individual-capacity claims against Lagana must be dismissed because they are based on *respondeat superior* and not personal involvement. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Rosario responds, in part, by alleging that false disciplinary charges were filed against him in the aftermath of the attack; to

dismiss Lagana now would immunize him before the extent of his participation is discovered. (*See* Pl.'s Resp. Br. 10 [D.E. 10-3] (discussing Lagana's participation in the investigation).) A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the complaint itself, and these allegations about false charges and investigations do not appear in Rosario's complaint, aside from a cursory mention in his first claim. As a consequence, the Court finds that Rosario has not sufficiently pleaded his individual-capacity allegations against Lagana. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The Court grants leave to amend these claims only.

Finally, the moving defendants request summary judgment on Rosario's tort claims on the basis that he failed to file a New Jersey Tort Claims Act notice. In his response, Rosario argues that while he was prevented from timely complying during his pre-hearing detention, he nevertheless gave the defendants "actual notice" of his tort claims via alternative means. As this dispute appears to transcend the four corners of the complaint and may involve findings of fact, the Court denies summary judgment. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1462–63 & n.11 (3d Cir. 1992).

Rosario is permitted to file an amended complaint on or before January 27, 2014, with respect to allegations against defendant Lagana only. The amended complaint must otherwise be a complete document containing all of the claims Rosario wishes to present. **No further motion practice will be permitted prior to the initial Rule 16 scheduling conference presently scheduled for March 24, 2014, before Magistrate Judge Cathy Waldor.**

An appropriate order will be entered.

January 16, 2014 /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

3